IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number:_____-CIV-_____

**RAYMOND T. MAHLBERG,**

      Plaintiff,

v.

**HARD ROCK INTERNATIONAL (USA), INC. ,**
**Florida Profit Corporation**
**D/B/A  HARD ROCK CAFE**

      Defendant.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

COMES NOW, Plaintiff Raymond T. Mahlberg ("Plaintiff "or "Mahlberg"), by and through undersigned counsel, files this Complaint and sues Defendant, HARD ROCK INTERNATIONAL (USA) INC, D/B/A  HARD ROCK  for Permanent Injunctive Relief pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 U.S.C. §2201 and 2202 as well as 28 CFR Part 36 Regulations. Plaintiff state as follows:

## INTRODUCTION AND NATURE OF THE ACTION

1. This Court has jurisdiction over this case based on federal question Jurisdiction, as provided in 28 U.S.C. §1331 and the provisions of the ADA. Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§2201 and 2202.

2. Plaintiff is a visually-impaired and legally blind person (disabled) who requires assistance through screen-reading software to read website content using his computer. Plaintiff uses

1

the term "blind" or "visually impaired" as legally blind. Disable as defined by ADA and Amendment acts of 2008, 42 USC §12101 (ADAAA).

3. Defendant's website https://www.hardrock.com  (the "Website" and the subparts https://shop.hardrock.com and   https://hotel.hardrock.com) are not fully or equally accessible to blind or visually impaired consumers in violation of the "ADA." As a result, Plaintiff seeks a permanent injunction to cause a change in HARD ROCK INTERNATIONAL (USA), INC, D/B/A HARD ROCK ("Defendant" or "HARD ROCK") policies, practices and procedures so that Defendant's Website will become, and remain, accessible to blind. Plaintiff seeks injunctive relief, attorneys' fees and costs, including, but not limited to, court costs and expert fees, pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA") and 42 U.S.C. 2000a-3(a). See also 28 U.S.C. 2201 and 2202 as well as ADA 28 CFR Part 36 Regulations.

4. Plaintiff is unaware of the true names, identities, and capacities of all responsible parties (defendants) being sued. Plaintiff will seek leave to amend this complaint to allege the true names and capacities if and when ascertained. Plaintiff is informed and believes, and thereupon alleges, that Defendant is legally responsible in some manner for the events and happenings alleged herein and that Defendant sued here proximately caused injuries and damages to Plaintiff as set forth below.

5. Plaintiff is sui juris, and he is disabled as defined by the ADA and ADA Amendments Act of 2008, 42 U.S.C. §12101 ("ADAAA"). Defendant's failure to design, build, maintain, and operate its Website to be fully and equally accessible to and independently operational by Plaintiff, constitutes in Defendant's denial of full and equal access to physical store and hotels and Website, resulting in a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA").

6. Defendant's Website is a point of sale for the Defendant physical stores and hotels. The Defendant's e-commerce platform (https://hardrock.com the "Website") allows purchase of the same products online or at the physical stores and hotels.

7. The Defendant owns and operates the Website for desktop and mobile application as an e-commerce point-of-sale and several stores and hotels that are located in Florida.

8. Because Defendant's stores and hotels are open to the public, each of Defendant's physical stores and hotels is a place of public accommodation subject to the requirements of Title III of the ADA, 42 U.S.C. §12182, §12181(7)(A, E), and its implementing regulations, 28 C.F.R. Part 36.

9. Plaintiff Raymond T. Mahlberg, a blind veteran of the U.S. military, residing in Orlando, Florida brings this action under the Americans with Disabilities Act in Federal Court.

10. Blind and visually impaired citizens must use screen reading software[1]or other assistive technologies in order to access Website content.

11. Plaintiff cannot use his computer and mobile device browser without the assistance of appropriate and available screen reader software to understand website.

12. Defendant's Website is built in digital code that impedes screen-reader software to work. A few lines of code could make the Defendant's Website compatible with the popular blind's screen-readers software and grant access to Defendant's stores and hotels to all blind individuals, including Plaintiff.

---

[1] [1] "screen reader" is a software application that enables people with severe visual impairments to use a computer. Screen readers work closely with the computer's Operating System (OS) to verbalize information about icons, menus, dialogue boxes, files and folders.

13. Screen reader software translates the visual internet into an auditory equivalent. which vocalizes visual information found on the computer screen. With this software, Plaintiff has successfully used hundreds of websites.

14. The software reads the content of a webpage to the user. The screen reading software uses auditory cues to allow a visually impaired user to effectively navigate the websites.

15. Plaintiff visited the Website when at home, or on the go or in transit when visiting other cities. The purpose of the Website is to turn visitors into prospects. One of the functions of the Defendant's Website is to provide the public information on the store clothing and rooms availability, and locations. Defendant also sells to the public its products through the Website, which acts as a point of sale for Defendant's products available in, from, and through Defendant's physical stores and hotels and https://hardrock.com.

16. This case arises out of the fact that Defendant HARD ROCK INTERNATIONAL (USA) INC, D/B/A HARD ROCK, any has operated its business in a manner and way that effectively excluding Plaintiff who are visually impaired from access to Defendant's physical stores and hotels and online store (the Website). Because the Website, an e-commerce online platform, and reservation system, connecting the physical stores and hotels to make a purchase  or reservation on the Website 24/7. The Website has a nexus to, and is an extension of and gateway to the Defendant's physical stores and hotels.

17. Because the public can view and purchase Defendant's goods through the Website that are also offered for sale in Defendant's physical stores and hotels, thus having the Website act as a point of sale for Defendant's products that are also sold in the physical stores and hotels and, convenience to order online and pickup at the stores and hotels. Thus, the Website is an extension of

and gateway to the physical stores and hotels, which are places of public accommodation pursuant to the ADA, 42 U.S.C. §12181(7)(A,E).

18. Even if the Website is not itself a place of public accommodation the Defendant's physical stores and hotels are a place of public accommodation under 42 U.S.C. §12181(7)(A,E), and must comply with all requirements of the ADA. The Website is an extension and a necessary service, privilege, and advantage of the Defendant's physical stores and hotels. Defendant must not discriminate against individuals with visual disabilities and must not deny those individuals the same full and equal access to and enjoyment of the goods, services, privileges, and advantages afforded the non-visually disabled public both online and in the physical stores and hotels.

19. As a result of Plaintiff being legally blind, before Plaintiff embarks on any venture, Plaintiff studies the location where Plaintiff is seeking to go through using the internet and pre-shop and check prices. Plaintiff has visited a HARD ROCK in the past with friends in Orlando, but Plaintiff wants to independently make a reservation online and pre-shop t-shirt and hoodie before going to the Hard Rock physical store and hotel. Plaintiff has made innumerous attempts to access Defendant's physical stores and hotels and Website in the past, but Plaintiff could not order online for pickup at the nearest stores and hotels because the Website is not readable by the screen-reader.

20. Plaintiff intends to continue to access the Defendant's physical stores and hotels and order through the Website. Plaintiff was informed that there is one of the Defendant's physical stores and hotels located in Miami, FL.

21. Plaintiff intends to return to Defendant's Website and patronize Defendant's physical Hard Rock store and hotel within the next thirty (30) days as part of ongoing holiday travel plans, including making a reservation and purchasing merchandise such as a hoodie. Plaintiff regularly uses websites to research store locations, merchandise, pricing, availability, and pickup

options before visiting a physical location. However, Plaintiff remains deterred from using Defendant's Website because its access barriers prevent her from independently accessing the Website's reservation and point-of-sale features on equal terms with sighted customers. The barriers Plaintiff encountered on Defendant's Website has impeded Plaintiff's full and equal enjoyment of goods and services offered at Defendant's physical stores and hotels, because Plaintiff cannot place a pickup or delivery order.

22. Before Plaintiff visited Defendant's physical stores and hotels, Plaintiff needs to visit the store online, because the opportunity to pre-shop clothing and/or make a hotel room reservation. Defendant's Website from Plaintiff's home or on-the-go are important accommodations for Plaintiff, because as a visually disabled individual Plaintiff plans his outings in advance.

23. Plaintiff is impeded to access and communicate with Defendant's stores and hotels and Website effectively; unable to take advantage and use one of the Defendant's Website to order from the menu and pickup at the Defendant's stores and hotels. Plaintiff attempted on a number of occasions to utilize the Website to browse through the available clothing and hotel rooms, online offers to educate himself as to products, services, sales, discounts, and promotions being offered, learn about the stores, t-shirts, hoodies, pricing with the intent to make a purchase, check store hours, and hotel room reservation, through the Website.

24. The privilege to navigate the Website from Plaintiff's home is important and necessary accommodations for Plaintiff because traveling outside of his home as a visually disabled individual is an often challenging and fearsome experience. Defendant's failure to provide auxiliary aids and services for effective communications is an act of discrimination against Plaintiff. Title III ADA 28 C.F.R. § 36.303.

25. However, unless Defendant is required to eliminate the access barriers at issue and required to change its policies so that access barriers do not reoccur on Defendant's Website(s), Plaintiff will continue to be denied full access to HARD ROCK's physical stores and hotels and the Website.

## JURISDICTION AND VENUE

26. This Court has jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. §1331, and the provisions of the ADA. Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§2201 and 2202.

27. Defendant has several stores and hotels in the State of Florida. Defendant conducts and continues to conduct a substantial and significant amount of business in this District.

28. Venue is proper pursuant to 28 U.S.C. §1391, in the Southern District of Florida where defendant has stores and hotels and a substantial part of the events giving rise to the claims occurred. Personal jurisdiction exists when the Defendant purposefully availed itself of the conducting activities within the forum State.

29. Plaintiff's claims asserted herein arose in this judicial district. Plaintiff was told that there is a HARD ROCK' stores and hotels near his area and all over Florida.

30. Plaintiff is a resident of Orlando, FL 32817.  is sui juris, and is disabled as defined by ADA the ADA and ADA Amendments Act of 2008, 42 U.S.C. §12101 ("ADAAA").

31. This is an action injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 C.F.R. § 36.201 and to prevent discrimination which includes equal access and effective communications with Defendant's business. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

32. Defendant is subject to personal jurisdiction in this District. Defendant has been and is committing the acts or omissions alleged herein in the Southern District of Florida that caused injury, and violated rights prescribed by the ADA to Plaintiff. A substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the Southern District of Florida.

33. Specifically, on several separate occasions, Plaintiff has been denied the full use and enjoyment of the facilities, goods, and services of Defendant's Website in Florida. The access barriers Plaintiff encountered on Defendant's Website has caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff on a regular basis from accessing Defendant's Website. Defendant HARD ROCK INTERNATIONAL (USA) INC, d/b/a HARD ROCK's is authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

**THE PARTIES**

34. Plaintiff Mahlberg, is a resident of the State of Florida. Plaintiff resides in Orlando. Mahlberg is legally blind, and a member of a protected class under the ADA. Whereby, Plaintiff has a disability within the meaning of 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq. and in 42 U.S.C. 3602, §802(h). Plaintiff suffered an assault to the back of his head in 2004 which caused damage and atrophy of the optic nerve, and as a consequence, is legally blind. Plaintiff is a legally blind individual who has a physical impairment that substantially limits the major life activity of seeing. Accordingly, Mahlberg has a disability within the meaning of 42 U.S.C. § 12102 and 28 C.F.R. § 35.104. Plaintiff is a qualified individual with a disability within the meaning of 42 U.S.C. § 12131(2), 29 U.S. Code § 794 and 28 C.F.R. § 35.104.

35. Plaintiff cannot use the computer without the assistance of a screen reader software. Mahlberg is a proficient user of the JAWS screen-reader to access the internet." JAWS, or "Job Access With Speech," uses keyboards keys to navigate the website by reading loud the website. For screen-

reading software to work, the information on a website must be capable of being rendered into text-description. A description of the image, icons and navigate in an organized order.

36. Defendant is a foreign for profit limited liability company. Defendant is the owner and operator of a chain of several stores and hotels under the brand named HARD ROCK. HARD ROCK INTERNATIONAL (USA) INC is operator of a chain of stores, hotels and casinos in Florida.

37. Upon information and belief, at all times material hereto, Defendant owns, operates the franchise and the Website affairs of HARD ROCK which are operating within the State of Florida. Defendant's stores and hotels are public accommodations pursuant to 42 U.S.C. 12181(7)(B).

38. Plaintiff believes, and thereon alleges, that defendant HARD ROCK and affiliates and/or franchisees, actively engaged in the sale of clothing, food and hotel rooms in various states throughout the country, including Florida.

39. Said Defendant entities will hereinafter collectively be referred to as "HARD ROCK" or, where appropriate, "Defendant."

**FACTS**

40. Defendant is defined as a "Place of Public Accommodation" within meaning of Title III because Defendant is a private entity which owns and/or operates "restaurant, bar,…" 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(5).

41. Each of Defendant HARD ROCK stores and hotels are open to the public and each is a Place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as "A restaurant, a bar, food establishment,…" as defined by 42 U.S.C. §12181(7)(B); §12182, and 28 C.F.R. Part 36.

42. HARD ROCK offers clothing and food for sale, and hotel rooms for rent available to the general public.

43. Defendant has control over the online point of sale (the Website), its content, design and source-code, and/or operates its web pages, including image and data content. Defendant owns and operates the domain name HARD ROCK that is configured for use by desktop computer and mobile devices such as smartphones.

44. One of the functions of Defendant's Website (available to browse in mobile or computer version) is to provide the public information on the various locations of Defendant's stores that sell clothing. The other function of the Website is to sell Defendant's clothings and make a reservation for the Defendant's hotels.

45. Defendant's Website is offered by Defendant as a way for the public to communicate with HARD ROCK clothing stores, cafes and hotels. Defendant's Website also permits the public to register and create an account that allows the general public to make a purchase or reservation, customer service and locate Defendant's stores and hotels.

45. Blind Plaintiff needs to plan his outgoings since at the physical stores and hotels it is difficult to know the prices, price tags are not in Braille. Like innumerous customers, Plaintiff rather to accesses Defendant's Website since online purchase is faster or place a to go order for pickup. Make an online reservation for the Defendant's hotels to go on vacation with his fiancé. Plaintiff has a concrete plan because has made plans to stay at the Defendant's hotel/casino in one of the following holidays: Memorial Day, Independence day, Labor day, Thanksgiving day or New Year's eve.

46. Plaintiff is a customer of HARD ROCK since his intent to continue purchasing or visiting the HARD ROCK stores and hotels. Plaintiff through his inquiries learned that there are a few HARD ROCK in Florida, specifically in South Florida.

47. During the month of April and May 2026, on several occasions **April 28, 30, May 3, 7, 11, 12,13**, Plaintiff was denied access to Defendant's Website to make a reservation, browse through the Hard Rock website to educate himself as to clothing offers, services, hotel rooms,

discounts, and promotions being offered, pricing, locations, with the intent to shop, pre-shop, make a reservation through the Website. But the access was denied, because the Website is incompatible with screen-reader software. Plaintiff explains that the Website contains the following access barriers that prevent him from free and full use of screen reader software NVDA. Plaintiff encountered these barriers that are persistent and include, but are not limited to:

 a. Images have no meaningful description of the image. Instead the Website announces http and numbers. Watch the evidence https://youtu.be/bxMWOVGW2PY and https://youtu.be/bxMWOVGW2PY

 b. Modal GDPR has no "focus" and Plaintiff cannot consent to cookie policy. Plaintiff cannot navigate with keyboard-keys and screen reader. Also on Landing  page skips all the important information, and images have no description. Watch the evidence at  https://youtu.be/eVbpujHloOQ

 c. Plaintiff cannot choose the hotel room, because important information has no focus, and Plaintiff cannot finalize the room reservation. Watch the violation on https://youtu.be/X_Jc0ob0xxA and https://youtu.be/X_Jc0ob0xxA

 d.  On landing page, the images does not have "alt" description and label of the image. Watch the video https://youtu.be/bxMWOVGW2PY

 e. On product page, the images announces the same value "the product title", this is not a description of the images. Watch the video https://youtu.be/bxMWOVGW2PY

 f. The lack of an announcement and focus shifting when a confirmation dialog was displayed following the screen reader user's addition of an item to the shopping cart; focus remained on the underlying product page and the screen reader user could not hear that an item had been added nor could they access dialogs in order to check out. At your bag, important information has no focus. Check https://youtu.be/qSkqicluKm8

 g. Product price is skipped, watch https://youtu.be/qSkqicluKm8

g. The background, text and products have poor contrast. Also, the Website does not provide a zoom feature.

48. Plaintiff encountered the following barrier when Plaintiff was unable and impeded to access and unable to learn about (1) Defendant's clothing t-shirts and hoodies at the Rock stores; (2) pricing; (3) make a reservation for the hotel, learn about the accessible rooms and pricing; (4) offers and discounts. Thus, Defendant's Website creates an intangible barrier that prevents Mahlberg from "'accessing a privilege' of a physical place of public accommodation, where Plaintiff cannot make a reservation or pre-shop Defendant's clothing.

49. During Plaintiff's several visits to the Website using JAWS most popular screen-reader for computer and smartphone browsing, occurring on **April 28, 30, May 3, 7, 11, 12,13** attempted to visit the physical store by checking the Website first, however the plaintiff encountered multiple access barriers that denied the plaintiff full and equal access to the facilities, goods and services offered to the public and made available to the public; and that denied the plaintiff the full enjoyment of the Defendant's facilities, goods, and services.

## AMERICAN WITH DISABILITIES ACT

50. The failure to access the information needed precluded Plaintiff's ability to patronize HARD ROCK's stores and hotels, because, as a blind individual, Plaintiff needs to plan his outings out in detail in order to have the proper financing for a venture, and ensure that Plaintiff arrives at a given location.

51. Under Title III of the ADA, 42 U.S.C. §§ 12181–12189 ("Title III"), which addresses "Public Accommodations and Services Operated by Private Entities." Title III provides that "[n]o individual shall be discriminated against on the basis of disability in any place of public accommodation." 42 U.S.C. § 12182(a).

52. Title III provides that "no individual shall be discriminated against on the basis of disability" in "any Place of Public Accommodation." 42 U.S.C. § 12182(a). As defined in Title III, the term "public accommodation" includes a "hotels and stores and sales establishment" Id. § 12181(7)(A, E). Defendant owns and operates the HARD ROCK stores and hotels.

53. Binding Court acknowledged that Title III's public accommodation protection "covers both tangible and intangible barriers, such as screening rules or discriminatory procedures that restrict a disabled person's ability to enjoy the defendant entity's services and privileges.

54. On March 18, 2022, The Department of Justice issued Web Accessibility Guidance under the Americans with Disability Act. It explains how businesses open to the public (entities covered by ADA Title III) can make sure their website is accessible to people with disabilities in line with the ADA's requirements. (Exhibit B). The guidance discusses the importance of web accessibility, barriers that inaccessible websites create for people with disabilities, tips on making web content accessible and applied the Web Content Accessibility Guidelines ("WCAG") 2.1 to determine accessibility.

55. Title III ADA Part 36 regulation was amended to integrate section 36.303 Auxiliary Aids and Services "A public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities."

56. The access barriers Plaintiff encountered on Defendant's Website has caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff on a regular basis from accessing Defendant's Website.

57. Plaintiff would like to become Defendant's patron and access the Defendant's physical stores and hotels and the Defendant's Website in the near future but the barriers Plaintiff encountered on Defendant's Website has impeded Plaintiff's full and equal enjoyment of goods and services offered at Defendant's physical stores and hotels.

58. The fact that Plaintiff could not access the Defendant's Website and could not comprehend the Website pages contained therein, left Plaintiff excluded from accessing HARD ROCK stores and hotels, goods and services available from Defendant and further affects Plaintiff with the sense of segregation, rejection, isolation, humiliation, frustration and unable to participate in a manner equal to that afforded to others who are not similarly disabled. As a result, Plaintiff has suffered in a personal and individual way a particularized harm and an injury in fact.

59. Plaintiff cannot make proper arrangements for transportation of himself to the HARD ROCK locations without the ability to know in advance the HARD ROCK's goods and services which service is available online through Defendant's Website. Plaintiff also faces a great degree of uncertainty of how to physically travel to Defendant HARD ROCK's location. Plaintiff is effectively denied the ability to physically travel to Defendant HARD ROCK.

60. Plaintiff has a concrete plan to purchase HARD ROCK's clothing and visit Hard Rock's hotel when Plaintiff is treated like other members of the public. By denying Plaintiff the opportunity to comprehend HARD ROCK 'Website therein due to Plaintiff's disability (visual impairment), Defendant has denied Plaintiff the opportunity to participate in or benefit from Defendant's goods and services as afforded to the public.

61. Plaintiff will suffer continuous and ongoing harm from Defendant's omissions, policies, and practices set forth herein unless enjoined by this Court.

62. On information and belief, Defendant has not offered any form of Website in an accessible format for blind or visually impaired individuals.

63. Thus, Defendant has not provided full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations provided at its Defendant's stores and hotels.

64. All Public Accommodations must ensure that their Places of Public Accommodation provide Effective Communication for all members of the general public, including individuals with disabilities pursuant Title III ADA 28 C.F.R. § 36.303.

65. Binding case law increasingly recognize that private entities are providing goods and services to the public through their online point of sale which operates as "Places of Public Accommodation" under Title III.

66. A person who cannot see, like the Plaintiff in this case, cannot go to Defendant's Website and avail themselves of the same privileges. Thus, the Plaintiff has suffered discrimination due to Defendant's failure to provide a reasonable accommodation for Plaintiff's disability.

67. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged hereinabove and this suit for injunctive relief is his only means to secure adequate redress from Defendant's unlawful and discriminatory practices.

68. Notice to Defendant is not required as a result of Defendant's failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202. Enforcement of Plaintiff's rights under the ADA is right and just pursuant to 28 U.S.C. §§ 2201 and 2202 and Title III ADA Subpart E Section 36.501.

69. Enforcement of Plaintiff's rights under the ADA is right and just pursuant to 28 U.S.C. §§ 2201 and 2202 and Title III ADA Subpart E Section 36.501.

70. Plaintiff has retained the law office of Acacia Barros, Esq. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant HARD ROC.

**COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

71. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle of Title III of the ADA, which prohibits discrimination on the basis of disability by Public Accommodations and requires Places of Public Accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36 Regulation.

72. Defendant's Website has not been designed to interface with the widely and readily available technologies for blinds that can be used to ensure effective communication.

73. As delineated above and pursuant to 42 U.S.C. §12181(7)(E), Defendant is a Public Accommodation under the ADA because it owns and/or operates the Website which is defined within §12181(7)(E), and is subject to the ADA.

74. No notice is required because under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

75. Unlawful discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations." 42 U.S.C. § 12182(b)(2)(A)(II).

76. Unlawful discrimination also includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature

of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden." 42 U.S.C. § 12182(b)(2)(A)(III).

77. Defendant is in violation of the ADA by creating barriers for individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access its Website. These violations are ongoing.

78. As a result of the inadequate development and administration of Defendant's Website, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. §12133 and §12188, also 28 C.F.R. §36.501 to remedy the discrimination.

79. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff Mahlberg injunctive relief; including an order to:

a) Require Defendant take the necessary steps to make all Defendant's Website readily accessible to and usable by visually impaired users, and during that time period prior to the Website being readily accessible, to provide a temporary alternative method for individuals with visual impairments to access the information available on the Website until such time that the requisite modifications are made. Title III American with Disabilities Act Part 36 Regulation.

b) Require Defendant to provide periodic maintenance of the accessible website thru the appropriate auxiliary aids such that individuals with visual impairments will be able to always receive communication effectively with the Website for purposes of viewing and locating HARD ROCK' stores and hotels and becoming informed of and signing up for HARD ROCK stores and hotels, and of viewing webpages provided to the public within Defendant's Website.

c) During the time period prior to the Website's being designed to permit individuals with visual impairments to effectively communicate, requiring Defendant to provide an alternative

method for individuals with visual impairments to effectively communicate so they are not impeded from obtaining the goods and services made available to the public. Title III ADA Part 36 Regulation.

80. For all of the foregoing, the Plaintiff has no adequate remedy at law.

**DEMAND FOR RELIEF**

**WHEREFORE**, Plaintiff RAYMOND T. MAHLBERG hereby demands judgment against Defendant "HARD ROCK INTERNATIONAL (USA) INC, D/B/A HARD ROCK and requests the following injunctive relief permanently enjoin Defendant from any practice, policy and/or procedure which will deny Plaintiff equal access to, and benefit from Defendant's services and goods, as well as the Court:

a. That the Court issue a Declaratory Judgment that determines that the Defendant's Website **at the commencement** of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.;

b. That the Court enter an Order directing Defendant to continually update and maintain their computer version of the defendant's Website to ensure that it remains fully accessible to and usable by visually impaired individuals;

c. That the Court issue an Injunctive relief order directing Defendant to alter their Website to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

d. That the Court enter an Order directing Defendant to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

e. Further requests the Court to retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

f. That the Court enter an award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and Title III of the ADA Section 36.505.

Respectfully submitted,

Dated this 15th day of May 2026.

/s/Acacia Barros
Attorney for Plaintiff
ACACIA BARROS, P.A.
Acacia Barros, Esq.
FBN: 106277
11120 N. Kendall Dr., Suite 201
Miami, Florida 33176
Tel: 305-639-8381
ab@barroslawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May 2026 that the foregoing document has been filed using CM/ECF system and will be served via email when Defendant's counsel enters an appearance.